Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: 619-702-4335
Fax: 619-243-0088
E-Mail: ggoonan@affinity-law.com

Specially Appearing as
Attorneys for Defendants
Donald D. Hughes and
Right Connection, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSO, Ltd., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>Donald D. Hughes; Right Connection, Inc., a Nevada Corporation; and DOES 1 through 20 inclusive,<br><br>    Defendants. | Case No. 08CV0329 H (LSP)<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE MARCH 17, 2008 HEARING ON PLAINTIFF'S TRO APPLICATION, WRIT OF POSSESSION APPLICATION, AND MOTION FOR PRELIMINARY INJUNCTION**<br><br><u>Current Hearing Date</u>:<br><br>Date: March 17, 2008<br>Time: 10:30 am<br>Court: 13 (Hon. Marilyn L. Huff) |

## <u>EX PARTE APPLICATION</u>

Defendants Donald D. Hughes and Right Connection, Inc. (collectively "Defendants") hereby appear specially and submit this ex parte application ("Application") to request a continuance of the hearing (the "Hearing") on Plaintiff's application for a temporary restraining order, application for writ of possession, and motion for preliminary injunction currently scheduled in this matter for March 17, 2008 at 10:30 a.m. before the Honorable Marilyn L. Huff. By this Application, Defendants ask the Court to continue the Hearing to April 28, 2008 or the next available date thereafter, so that Defendants will have adequate and sufficient time to research and brief the myriad issues raised by Plaintiff's applications and preliminary injunction

motion.

Neither of Defendants is subject to personal jurisdiction or venue in this Court, and neither Defendant has been properly served by Plaintiffs.  Consequently, Defendants submit this ex parte application pursuant to a special appearance solely to address scheduling issues.  By submitting this ex parte application, Defendants, and each of them, expressly reserve and do not waive any and all objections they may have based on improper service, lack of personal jurisdiction and/or improper venue.

## DISCUSSION

As reflected in the Court's file, Plaintiff filed its complaint in this action on February 21, 2008 and immediately sought a temporary restraining order, preliminary injunction and writ of possession on an ex parte basis.  By order entered February 21, 2008 (the "February 21 Order"), the Court denied Plaintiff's request for ex parte relief, finding that the papers filed by Plaintiff "fail[ed] to establish a threat of irreparable harm."

By the February 21 Order, the Court scheduled the Hearing for March 17, 2008 on Plaintiff's applications and preliminary injunction motion (which actually was setting the Hearing on shortened time given the Court's "28-day" notice rule for motions) and ordered that Plaintiff was to serve its summons, complaint, and papers in support of its applications and motion, on Defendants.  By the February 21 Order, the Court set a deadline of March 6, 2008 for Defendants to file their papers in opposition to Plaintiff's motion and applications.

Given the compressed briefing schedule, it certainly was at least implicit – if not obvious – from the February 21 Order that Plaintiff would immediately complete service on each of the Defendants of its summons, complaint, and papers in support of its motion and applications.  Unfortunately, that is not what Plaintiff did.  On the contrary, completely ignoring the compressed briefing schedule and shortened time for the Hearing, <u>Plaintiff delayed until February 29, 2008 before even attempting service</u>.  Hopefully, this was not an attempt by Plaintiff to sandbag Defendants given the compressed briefing schedule.  And to make matters worse – contrary to the Proof of Service filed by Plaintiff – on February 29 all Plaintiff did was drop the papers at a mailing address used by defendant Right Connection, Inc. in Las Vegas, Nevada.

Defendant Donald D. Hughes is the principal of defendant Right Connection, Inc. and is the individual who must be involved in the formulation and presentation of Defendants' opposition to Plaintiff's motion and application.  Mr. Hughes does not reside in Las Vegas and was traveling when Plaintiff purported to make service on February 29 by dropping its papers at Right Connection's mail location.  Mr. Hughes did not even learn until late in the day on Monday, March 3, 2008 that Plaintiff had dropped its papers at Right Connection's mail location.  He asked the mail house to forward Plaintiff's papers to him but as of March 6 – the date this Application is submitted – Mr. Hughes still had not received Plaintiff's papers.

Defendants now have retained intellectual property counsel to represent them, but because of Plaintiff's delay in service Defendants' counsel barely has had time to review Plaintiff's papers (which he had to download from the Court's PACER system) much less research the myriad issues presented by Plaintiff's papers and draft a response in time to meet the March 6 deadline set by the Court.  Consequently, Defendants by this Application ask the Court to continue the Hearing.  There is good cause for the Court to grant the continuance sought by this Application because (1) Plaintiff delayed for eight days before attempting service; and (2) Defendants and their counsel require additional time to research and address in Defendants' opposition papers the myriad issues raised by Plaintiff's papers.

Among the issues, without limitation, that Defendants and their counsel must analyze and address by Defendants' opposition are the following:

1. <u>Improper Service</u>:   It appears from the Court's docket that Plaintiff filed a Proof of Service and a Return on Summons on March 4, 2008 by which Plaintiff represents that both defendants in this case were personally served on February 29, 2008.  That is not correct.  Indeed, as reflected in the Return of Summons filed by Plaintiff, all the process server retained by Plaintiff did was leave copies of Plaintiff's papers at a mail house used by defendant Right Connection.  Leaving the papers at such mail house was not proper service on Right Connection and was not service at all on Mr. Hughes individually.  Defendants accordingly need a continuance of the Hearing so they can further research and address Plaintiff's improper service.

2. <u>Lack of Personal Jurisdiction and Venue</u>:  Right Connection is a Nevada corporation

with its principal place of business in Las Vegas, Nevada.  Mr. Hughes resides in the State of Arizona.  Neither Right Connection nor Mr. Hughes has sufficient contact with the State of California or this judicial district to support the exercise of personal jurisdiction or venue.  Defendants require a continuance of the Hearing so their counsel may further research and analyze jurisdiction and venue issues and prepare and file an appropriate motion if warranted.

    3.  <u>No Likelihood of Success on the Merits/Rule 11</u>:  The evidence in this case will show that the factual statements made by Plaintiff are patently false.  By way of preview, the gist of Plaintiff's complaint seems to be that Defendants supposedly are using a website located www.clublifestyle.com to infringe Plaintiff's purported trademark rights and divert business from Plaintiff to defendant Right Connection.  But the evidence will show that the www.clublifestyle.com website is for all intents and purposes a non-operative website that, if anything, is currently under Plaintiff's control and has no current connection to Defendants.[1]

    As the Court knows, Plaintiff also seeks by ex parte application a writ of possession for the return of certain computer servers.  However, the evidence will show that Defendants have been trying for a year without success to return such servers to Plaintiff and in fact now have returned the servers to Plaintiff's counsel.  So there is no factual basis for Plaintiff to continue to maintain its application for writ of possession.

    Given the length of Plaintiff's papers and the number of issues raised thereby, Defendants and their counsel require a continuance of the Hearing so they may fully analyze Plaintiff's papers and research and prepare Defendants' response.  It also appears that Plaintiff's papers may be in violation of Rule 11 in critical respects -- Defendants also require a continuance so their counsel may evaluate the Rule 11 issues here and pursue appropriate remedies under Rule 11 if warranted and appropriate.

    4.  <u>No Exigency/No Irreparable Harm</u>:  There is no basis here for the Court to handle

---

[1] Plaintiff's claims about supposed misappropriation of its purported customer list and infringement of other alleged trademarks purportedly owned by Plaintiff are similarly patently false.  Indeed, the rights to one of the trademarks claimed by Plaintiff (Desire-Resort) are in fact owned by the proprietors of the actual Desire Resort, which is a resort in Mexico.

Plaintiff's preliminary injunction motion or application for writ of possession on an emergency basis. As best that Defendants' counsel can understand Plaintiff's papers based on his quick review, Plaintiff claims there is some exigency and there is irreparable harm because Plaintiff currently is involved in a Chapter 11 bankruptcy proceeding. But as the Court already found by the February 21 Order, Plaintiff's papers fail to establish any immediate threat of irreparable harm. And as Defendants' counsel understands the posture of Plaintiff's bankruptcy proceeding, Plaintiff is not required to submit a proposed plan of reorganization until on or about June 1, 2008. Any claim by Plaintiff that the pending matters should be handled on an emergency basis consequently is destroyed given such June 1 bankruptcy deadline.

5. <u>Bankruptcy Issues</u>: It is obvious from Plaintiff's papers that Plaintiff relies heavily on its pending Chapter 11 bankruptcy proceeding to try to satisfy the requirements for the issuance of an injunction here. Consequently, Defendants require a continuance of the Hearing so they and their counsel may have adequate time to review and analyze the file in Plaintiff's bankruptcy matter.

6. <u>Unclean Hands</u>: As the Court knows, Defendants may raise Plaintiff's unclean hands as a defense to Plaintiff's request for injunctive relief. It is the current information of Defendants' counsel that Plaintiff has violated the intellectual property rights both of defendant Right Connection as well as third parties like Desire Resort by systematically and improperly registering multiple domain names with the intent of diverting business away from Right Connection and such third parties through the use of such improperly-registered domain names. Defendants' counsel further understands (which understanding appears to be confirmed by Plaintiff's bankruptcy filing) that Plaintiff has blatantly violated California law by failing to maintain in a trust or escrow account hundreds of thousands of dollars of deposits and payments paid by Plaintiff's customers for travel booked by or through Plaintiff. Defendants require a continuance of the Hearing so that they may further analyze and research issues relating to Defendants' unclean hands.

7. <u>Disqualification of Plaintiff's Counsel</u>: It currently is the understanding of Defendants' counsel that the wife of one of the lawyers for Plaintiff (Paul Murray) was actively involved with

Plaintiff's business for some period of time and will be a critical – and likely adverse to Plaintiff -- witness in this case. Plaintiff's counsel may be in a conflict of interest which precludes the continued representation of Plaintiff by his firm. Defendants require a continuance of the Hearing so they may further analyze and research such conflict of interest and disqualification issues.

* * * * * * * * * * *

As can be seen from the foregoing, it simply is not possible for Defendants and their counsel to properly analyze and research the myriad issues raised by Plaintiff's motion and applications, and then prepare a thorough response, in the short time they have been afforded due to Plaintiff's delay in service. If Plaintiff had promptly and properly served their papers as the Court undoubtedly anticipated when it issued the February 21 Order, perhaps Defendants would not have had to seek a continuance. But now there simply is not enough time by the March 6 deadline for Defendants' opposition papers – or even before the currently-scheduled March 17 Hearing – for Defendants to adequately research and present their opposition.

Of equal importance, there is no basis or justification for the Court to address Plaintiff's motion or applications on an ex parte or emergency basis or on shortened time. Accordingly, Defendants request by this Application that the Court continue the Hearing and hear Plaintiff's applications and motion for preliminary injunction on regular notice.

Defendants' counsel is scheduled to be in trial in Judge Miller's court for two weeks in mid-April 2008. Consequently, Defendants request that the Court continue the Hearing to April 28, 2008 and order the briefing on Plaintiff's motion and applications pursuant to the Local Rules.

<u>Local Rule 83.3(h)</u>

In accordance with Local Rule 83.3(h), the undersigned attorney hereby certifies and declares under the penalty of perjury that this Application was filed with the Court by the Court's ECF/CM system, and served on Plaintiff's counsel by operation of the ECF/CM system. The undersigned attorney further certifies and declares under penalty of perjury that a copy of this Application also was served on Plaintiff's counsel by facsimile transmission.

DATED: March 6, 2008                    THE AFFINITY LAW GROUP APC

                                        By:   */s/ Gregory P. Goonan*
                                              Gregory P. Goonan
                                              Specially Appearing as
                                              Attorneys for Defendants
                                              Donald D. Hughes and Right Connection, Inc.
                                              E-mail: ggoonan@affinity-law.com

**Certificate of Service**

The undersigned hereby certifies that on this 6th day of March 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

> Paul S. Murray
> Ariel J. Sabban
> Murray & Sabban LLP
> 140 Marine View Avenue, Suite 116
> Solana Beach, CA  92075
> Attorneys for Plaintiff

The undersigned further certifies that on this 6th day of March 2008, a true and accurate copy of the attached document was served on the foregoing by facsimile transmission.

*/s/ Gregory P. Goonan*
Gregory P. Goonan