**MURRAY & SABBAN, LLP**
Lomas Santa Fe Professional Building
140 Marine View Avenue, Suite 116
Solana Beach, CA 92075
Telephone (858) 259-8052
Telecopier (858) 259-8055
pmurray@murrayandsabban.com
Paul S. Murray, SB# 158280
Ariel J. Sabban, SB# 189414

Attorneys for Plaintiff LSO, LTD.

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSO, LTD. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD D. HUGHES; RIGHT CONNECTION, INC., a Nevada corporation; and DOES 1 through 20 inclusive,<br><br>Defendants. | Civil Action No.:  3:08-cv-00329 H (LSP)<br>Judge:  Hon. Marilyn L. Huff<br>Courtroom 13<br><br>**PLAINTIFF LSO LTD.'S MOTION TO STRIKE DEFENDANTS' UNTIMELY OPPOSITION PAPERS**<br><br>[Filed Prior to Deadline for Plaintiff to File its Reply to Defendants' Opposition]<br><br>Date: March 17, 2008<br>Time: 10:30 a.m. |

Plaintiff LSO, LTD ("LSO") respectfully moves to strike the entirety of Defendants DONALD D. HUGHES and RIGHT CONNECTION, INC.'s (hereinafter "Defendants") opposition papers to LSO's Combined Motion for injunctive relief.

The Defendants were ordered to serve its Opposition papers by 5:00 p.m. Thursday March 12, 2008.  (See the Order Denying Defendants' *Ex Parte* Application to Continue March 17, 2008 Hearing, (Doc. No. 11) dated March 10, 2008)  They failed to comply with this Order thereby denying LSO and its counsel necessary time to review the argument contained therein and delayed the ability of counsel and LSO to draft reply papers.  Defendants' participation in this matter thus far is characterized by delay tactics, and such tactics should not be sanctioned.  LSO respectfully requests that this Court strike the Opposition papers and not consider them in ruling upon the motions requesting injunctive relief.

## DEFENDANTS' OPPOSITION IS UNTIMELY

Defendants' opposition papers to LSO's Combined Motion were originally due to be filed and served on March 6, 2008. (See the February 21, 2008 Court Scheduling Order) As the Court may recall on March 6 the Defendants instead filed an *ex parte* request asking the Court to continue the hearing on injunctive relief (April 28 was the specific date requested). The Court denied the request and set a briefing schedule for the parties to follow.

In anticipation of receiving the Opposition, Counsel for LSO repeatedly checked for electronic notification of service of the opposition papers all day Thursday. Counsel continued to check after the 5:00 p.m. deadline at 5:30, 7:00, 8:00 and 8:30. It was not until 11:00 p.m. did counsel notice that the opposition was served at 10:34 p.m.

LSO's principal, Dr. Robert McGinley, is currently out of the country thereby inhibiting the ability of counsel to communicate with him. Correspondingly, counsel requested Dr. McGinley to keep himself available for communication on Thursday into the nighttime to prepare a reply to the Defendants' anticipated opposition. However, since Defendants filed their opposition so late at night, LSO lost precious time to respond to the opposition papers and has therefore been seriously prejudiced. Similarly to the previous *ex parte* request for a continuance, the untimely nature of this filing is not explained by any affidavits from counsel or the Defendants. With respect, LSO asserts that this fact demonstrates that the untimely filing is not explainable by any otherwise acceptable excuse.

## THE OPPOSITION PAPERS SHOULD BE DISREGARDED IN LIGHT OF APPLICABLE FEDERAL AND LOCAL RULES OF CIVIL PROCEDURE

The Local Rules are clear:

> Waiver: If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1. e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.

(LRCiv Rule 7.1 e.2) The Local Rules also state that "The clerk's office is directed not to file untimely motions and responses thereto without the consent of the judicial officer assigned to the case." (LRCiv Rule 7.1 e.7.) The filing is late and should be disregarded.

The Defendants do not discuss or explain their failure to comply with the Court Order. As a result the Defendants do not explain why a *second* continuance for the time allowed for them to file their opposition papers should be allowed. The first continuance was obtained through subterfuge by Defendants filing of an *ex parte* application that necessitated the re-scheduling of the briefing schedule to accommodate that delay. The significance of this choice is likely a recognition that a (second) proper request to continue the time to file opposition papers should have been made ***prior*** to the 5:00 p.m. deadline specified in the March 10 Order.

The second request for a continuance should have taken the form of a request to be relieved from the March 10 Order pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 6(b). FRCP Rule 6(b)(2) provides that a "court must not extend the time to act under … 60(b), except as" that rule allows. Rule 60(b) specified the method for a party to seek relief from a Court Order. Defendants' choice to not file prior to the 5:00 p.m. deadline really reflects a desire on the part of the Defendants to be relieved from (i.e. not held to) the March 10, 2008, Court Order. FRCP Rule 60(b) sets forth the acceptable reasons for a party to be relieved from a Court Order. Suffice it to say, and especially since Defendants have chosen not to explain their violation, none of the reasons provided in Rule 60 apply. Therefore, Defendants should be held to the deadline provided by the Court.

## **CONCLUSION**

This is the second briefing schedule set by Court Order that the Defendants have disregarded. They had the opportunity to explain the untimely filing and have chosen not to do so. The Court should exercise its power as described by applicable rules and disregard the opposition papers in ruling upon LSO's Combined Motion.

Dated: March 13, 2008         **Murray** & **Sabban, LLP**

By: _/S/ *Paul S. Murray*_____
Paul S. Murray, Esq.
Attorney for Plaintiff LSO, LTD.