Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: 619-702-4335
Fax: 619-243-0088
E-Mail: ggoonan@affinity-law.com

Specially Appearing as
Attorneys for Defendants
Donald D. Hughes and
Right Connection, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSO, Ltd., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Donald D. Hughes; Right Connection, Inc., a Nevada Corporation; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No. 08CV0329 H (LSP)<br><br>**DECLARATION OF GREGORY P. GOONAN IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION FOR WRIT FOF POSSESSION**<br><br>Date: March 17, 2008<br>Time: 10:30 am<br>Court: 13 (Hon. Marilyn L. Huff) |

I, Gregory P. Goonan, state as follows for my declaration:

1. I am an attorney duly admitted to practice law in the State of California and before this Court, and am a shareholder in The Affinity Law Group APC, counsel of record for Defendants in this action.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto. I offer this declaration in opposition to the motion to strike Defendants' opposition to Plaintiff's motion for a temporary restraining order and application for writ of attachment filed by Plaintiffs.

*DECLARATION OF GREGORY P. GOONAN IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TRO AND WRIT OF POSSESSION*

- 1 -

3. Plaintiff's motion to strike is a textbook illustration of the type of hardball litigation tactics that give lawyers a bad name and force the Court and the parties to waste time and money dealing with procedural machinations instead of the merits of litigation matters.

4. In this case, the Court issued an order on the afternoon of Monday, March 10, 2008 setting a deadline of 5:00 p.m. on March 12, 2008 for the filing of Defendants' opposition to Plaintiff's TRO opposition and writ of possession application.  Given the volume of papers filed by Plaintiff in support of its motion and application, and the short two-day time provided by the Court, it was a daunting task for Defendants' counsel to complete the opposition on time.  Unfortunately, as reflected in the Court's records, I was not able to complete the filing of Defendants' opposition papers until approximately 10:30 p.m. on March 12.

5. It should be noted that Defendants did not file their opposition papers days after the Court's deadline, or even the next day.  On the contrary, I took the Court's March 12 deadline very seriously, as I do with all court deadlines.  Consequently, I worked on more than a full time basis, spending more than 15 hours each day on Tuesday, March 12 and Wednesday, March 13, to try to complete Defendants' filing on a timely basis.

6. One would hope that one lawyer to a case, in the interest of professionalism and collegiality, would understand that unavoidable problems sometimes happen and that there must be a good faith explanation when an opposing party missed a filing deadline by only a few hours.  Certainly, if the circumstances were reversed and Plaintiff filed some papers a few hours late, Plaintiff would not now be dealing with a motion to strike filed by me.

7. Unfortunately, however, it seems that Plaintiff and its counsel do not approach the practice of law, and its demands of professional courtesy, from the same perspective as I do.  It seems that it is the practice of Plaintiff's counsel to assume to worst (undoubtedly for tactical reasons) rather than give the benefit of the doubt.  I only hope we are not now about to embark on a case where Plaintiff and its lawyers will try to utilize every procedural maneuver, without regard to the burden on the Court or opposing parties, to try to further Plaintiff's agenda.

8. As set forth in Plaintiff's papers, Plaintiff's motion to strike is based on an assumption automatically (and incorrectly) made by Plaintiff's counsel that Defendants do not have an "acceptable excuse" for missing the filing deadline by a few hours, and consequently somehow must have acted in bad faith, for purposes of delay, and/or to try to prejudice Plaintiff's ability to prepare their reply.

9. Such a suggestion is as preposterous as it is incorrect. The simple reason why I was delayed by a few hours in completing Defendants' filing was that I had a malfunction with my scanner and was not able to complete the scanning of Defendants' opposition papers in time to meet the 5:00 p.m. deadline. In fact, I tried to completely switch over to a new scanner to try to get the papers scanned and filed. But I could not get the settings on the new scanner to scan Defendants' papers and supporting exhibits into a file size small enough to file over the ECF/CM system. So eventually, I had to use a .pdf conversion program to get Defendants' papers in a condition to get them filed.

10. I sincerely apologize for the few hours delay in filing Defendants' papers, and regret (although it not my doing) that the Court now must also deal with Plaintiff's motion to strike. I can assure the Court that the delayed filing was solely the result of the scanner problems I have described, and that I did not act out of any bad faith or intent to prejudice Plaintiff. Indeed, if I took a cavalier approach to the filing deadline or wanted to prejudice Plaintiff, I would not have worked as hard as I did or the number of hours I did to try to get Defendants' papers prepared and filed by the 5:00 p.m. deadline, and certainly would not have worked until almost 11:00 p.m. in the evening to complete the filing on March 12.

11. While I apologize for missing the filing deadline by a few hours, I also want clearly express my anger – indeed outrage – at the tone, content and innuendo of Plaintiff's motion to strike. First, the notion that Plaintiff somehow has been prejudiced by the few hour delay in Defendants' filing is absurd. Clearly, Plaintiff and its counsel took a substantial amount of time (possibly weeks) to prepare Plaintiff's TRO motion and writ application.

*DECLARATION OF GREGORY P. GOONAN IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TRO AND WRIT OF POSSESSION*

- 3 -

12. By the Court's March 10 order, Defendants were given approximately two days to prepare their opposition to Plaintiff's motion and application for writ of attachment. Plaintiff has equal time -- two full days (Thursday and Friday) -- to prepare Plaintiff's reply papers. Plaintiff's motion to strike admits that Plaintiff's counsel already had arranged to have its principal standby <u>on Thursday evening</u> (the day <u>after</u> Defendants' filing) to work on Plaintiff's reply. There is no reason (and certainly no explanation given) why such schedule now cannot be followed by Plaintiff's counsel. Simply put, Plaintiff's claim of "prejudice" does not withstand scrutiny and has no merit.

13. I am particularly offended and outraged by the statement in Plaintiff's motion to strike that I engaged in some unspecified form of "subterfuge" in filing Defendants' prior ex parte application. That is a ridiculous statement. The prior ex parte application was necessary because Plaintiff did not comply with the Court's February 21 scheduling order and did not timely or properly serve its summons, complaint and motion papers, and because I was not even retained in this case until March 5, 2008.

14. Indeed, Plaintiff delayed for eight days before even attempting service and (as will be addressed more in Defendants' response to Plaintiff's complaint) still has not properly served their papers. Given Plaintiff's own eight day delay in even attempting service, it is curious (to be charitable) for Plaintiff to complain about a five hour delay by Defendant. I also must wonder why Plaintiff waited until nearly the end of the day on March 13 to file the motion to strike instead of seeking relief early on the morning of March 13 if Plaintiff really believed it had been prejudiced.

15. Plaintiff's motion to strike also questions why I did not seek another extension prior to 5:00 p.m. on March 12. The reason I did not do so is I wanted to avoid burdening the Court's busy schedule with such an application. I worked as hard as I could to meet the 5:00 p.m. deadline, and honestly and in good faith believed I could meet the deadline. By the time I realized I would not meet the deadline, I did not have enough time to prepare and submit an extension

1. request (which I could not have filed in any event because of the scanner problems I have described). In any event, it seemed that my time was better spent trying to get Defendants' filing completed and filed and served as soon as possible on March 12 rather than preparing the extension request.

16. The bottom line is that the five hour delay in Defendants' filing was not intentional or done for purposes of delay. On the contrary, such delay was solely the result of the unexpected scanner problems I have described. Such five hour delay cannot possibly have caused any real or legitimate prejudice to Plaintiff. Plaintiff certainly has enough time to prepare its reply papers, and there is no reason or modify the briefing schedule or change the March 17 hearing. Consequently, I ask that Plaintiff's motion to strike be denied. To the extent the Court believes it is necessary, I also ask for relief under FRCP 6(b) and/or Local Rule 7.1.e.7.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 13, 2008 at San Diego, California.

*/s/ Gregory P. Goonan*
Gregory P. Goonan

---

*DECLARATION OF GREGORY P. GOONAN IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TRO AND WRIT OF POSSESSION*
- 5 -

**Certificate of Service**

The undersigned hereby certifies that on this 13th day of March 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

>Paul S. Murray
>Ariel J. Sabban
>Murray & Sabban LLP
>140 Marine View Avenue, Suite 116
>Solana Beach, CA  92075
>Attorneys for Plaintiff

>*/s/ Gregory P. Goonan*
>Gregory P. Goonan

---

*DECLARATION OF GREGORY P. GOONAN IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TRO AND WRIT OF POSSESSION*

- 6 -