**MURRAY & SABBAN, LLP**
Lomas Santa Fe Professional Building
140 Marine View Avenue, Suite 116
Solana Beach, CA 92075
Telephone (858) 259-8052
Telecopier (858) 259-8055
pmurray@murrayandsabban.com
Paul S. Murray, SB# 158280
Anahita Nahavandian, SB# 239688

Attorneys for Plaintiff LSO, LTD.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSO, LTD. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD D. HUGHES; RIGHT CONNECTION, INC. a Nevada Corporation; and DOES 1 through 20 inclusive.<br><br>Defendants. | Civil Action No.: 03-08-cv-0039-H-LSP<br>Judge: Hon. Marilyn L. Huff<br>Department: 15<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF DONALD HUGHES** |

Plaintiff LSO, LTD. ( hereinafter referred to as "LSO") , by and through its attorneys Murray & Sabban, LLP hereby submits the following Evidentiary Objections to the Declaration of Donald Hughes In Support Of Defendants' Opposition To Plaintiff's Motion For Temporary Restraining Order And Writ Of Possession.

**GENERAL OBJECTIONS**

As will be specified below, many of Donald Hughes' (hereinafter referred to as "HUGHES') statements are: (1) irrelevant to the issues raised in this case and / or the Motion for Temporary Restraining Order and are therefore inadmissible pursuant to Federal Rules of Evidence (hereinafter referred to as "FRE") Rule 402, (2) inadmissible because he lacks personal knowledge to make those statements pursuant to FRE 602, (3) inadmissible hearsay

pursuant to FRE 802, or (4) constitute expert testimony outside the scope of permissible testimony by a lay person such as HUGHES (FRE 701).

## SPECIFIC OBJECTIONS TO PARAGRAPHS IN HUGHES' DECLARATION

Paragraph 4: "The technical expertise of the company is unsurpassed in our field."
**OBJECTION:** Irrelevant; Expert Opinion from a lay person as HUGHES has not been qualified as an expert witness in this matter and is merely a party to the action (FRE 701); Lacks Foundation and constitutes an Improper Opinion and should therefore be stricken as inadmissible (California Evidence Code ("E.C.") §§ 803 and 804); Assumes Facts Not in Evidence.

Paragraph 5: "Right Connection introduced this company to Internet marketing and helped make the company what it is today, one of the largest online agencies for alternate lifestyle travel."
**OBJECTION**: Irrelevant; Assumes Facts Not In Evidence; Improper Opinion; Lacks Foundation.

Paragraph 6: "Both of these companies willingly paid Right Connection commissions for these sales."
**OBJECTION**: Irrelevant; Improper Opinion; Hearsay; Assumes Facts Not in Evidence. This statement should be stricken as inadmissible not only because the issue of Defendant's business with the two companies discussed in paragraph 6 is irrelevant, but also because there is no evidence to support the assertion by HUGHES that the companies "willingly" paid commissions to HUGHES.

1  Paragraph 8: "As a consequence, Right connection's name has become the standard in the
2  alternate lifestyle for building personal booking engines and providing excellent adult travel
3  destinations."
4  **OBJECTION:** HUGHES' opinion should be stricken as inadmissible. This statement Lacks
5  Foundation, Assumes Facts Not In Evidence, is Irrelevant to LSO's motion for a Temporary
6  Restraining Order, and constitutes improper opinion testimony.
7
8  Paragraph 9: "Right Connection is so well respected in the industry that e-mails sent from our
9  servers are not blocked as SPAM mail in most of the largest online networks."
10 **OBJECTION:** HUGHES' opinion testimony is improper, lacks foundation, irrelevant, and
11 should also be ruled inadmissible due to the fact that expert knowledge of computers and email
12 servers is required to verify the assertion made by HUGHES, and HUGHES has not been
13 qualified as an expert.
14
15 Paragraph 10: "In 2001, Plaintiff's principal Robert McGinley...asked Right Connection to
16 assist Plaintiff with the creation of an Internet personals and chat website."
17 **OBJECTION**: Inadmissible hearsay.
18
19 Paragraph 11: "After Right Connection had spent....Plaintiff informed Right Connection
20 [sic][i]t had decided to give the job to....  Apparently, Mr. Murray's wife at the time owned and
21 operated a website design firm."
22 **OBJECTION**: Inadmissible Hearsay; Lacks Foundation; Irrelevant.
23
24 Paragraph 11: "By 2002, Plaintiff....failed miserably in their attempt.... Indeed, I have learned
25 that Mr. Murray attempted to copy and re-create a then-copyrighted....rights."
26 **OBJECTION:** These two statements are Irrelevant, Lacks Personal Knowledge, and constitute
27 Improper Opinion Testimony which should be stricken as it has no purpose but to cast a poor
28 light on Plaintiff and a non-party.

1  Paragraph 13: "Given...Mr. McGinley asked David Valentiner...to see if Right connection
2  would consider taking the project back and completing the website."
3  **OBJECTION:** This statement should be stricken as inadmissible because it is hearsay ("asked
4  David Valentiner"), lacks foundation, and is an irrelevant and improper opinion.
5
6  Paragraph 14: "Exhibit A is a statement from Mr. Valentiner that describes..."
7  **OBJECTION:** Exhibit A should be ruled as inadmissible evidence as it is not a signed
8  declaration and constitutes hearsay. (FRE 802)
9
10  Paragraph 16: "we did not trust Plaintiff and Mr. McGinley"
11  **OBJECTION**: Improper Opinion; Irrelevant.
12
13  Paragraph 19: "the parties' contract (Exhibit B) specifically provided that Right Connection
14  would have ownership and control of the clublifestyle.com domain name during the term of the
15  contract."
16  **OBJECTION**: The contract attached as Exhibit B is the best evidence by which to determine
17  the scope of ownership and control of the Clublifestyle.com domain name during the term of
18  that same contract. (FRE 1001, *et seq*.)
19       HUGHES' assertion that "Right Connection was to have ownership and control of the
20  clublifestyle.com domain name" should be stricken as it contradicts the language contained in
21  the contract itself, which specifies that: "LSO maintains the rights to the ClubLifestyle.com
22  domain name...during the term of the agreement.  If the agreement expires, the control over the
23  domain name will be handed over to LSO forthwith."
24
25  Paragraph 21: "Plaintiff's webmaster...had access to the code for both the...sites."
26  **OBJECTION**:  Lacks Foundation; Assumes Facts Not in Evidence.
27
28

1  Paragraph 25: "After Plaintiff's website was up and running...Plaintiff asked Right connection
2  to process all of....credibility."
3  **OBJECTION:** Hearsay; Assumes Facts Not in Evidence.
4
5  Paragraph 26: "This was agreed to by LSO..."
6  **OBJECTION:** Hearsay; Assumes Facts Not in Evidence, Lacks Foundation
7
8  Paragraph 30: "Plaintiff's IT Manager has made a notation.... Plaintiff's IT Manager does not
9  know what he is talking about...."
10 **OBJECTION:** Hearsay; Improper Opinion pursuant to FRE 701; Irrelevant; Assumes Facts
11 Not in Evidence.
12
13 Paragraph 33: "The agreement was for Plaintiffs'...master list."
14 **OBJECTION:** Assumes Facts Not In Evidence/ Lacks Foundation; hearsay. There is no
15 evidence of any agreement other than the written one entered into (Exhibit B to HUGHES'
16 declaration).
17
18 Paragraph 34: "Given the foregoing, if anyone is guilty of..."
19 **OBJECTION**: Improper Opinion; Assumes Facts Not In Evidence.
20
21 Paragraph 41: "from my perception, Plaintiff deliberately cheated most of the associated
22 partners of the Trip Cash program and never paid them the commissions due to them."
23 **OBJECTION:** HUGHES' opinion is Irrelevant, Assumes Facts Not In Evidence, and
24 Constitutes an Improper Opinion.
25
26 Paragraph 42: "Plaintiff used the program to lure in the smaller sales agencies...Plaintiff and
27 Mr. McGinley adopted the policy if they recognized....affiliate sales."
28

**OBJECTION:** Improper Opinion; Irrelevant to the Motion for Temporary Restraining Order at issue; Lacks Foundation; Assumes Facts Not in Evidence.

Paragraph 51: "Right Connection was not at all..."

**OBJECTION:** Irrelevant to the Motion for Temporary Restraining Order.

Paragraph 62: "As confirmed by Mr. Valentiner's statement submitted as Exhibit A, all content currently..."

**OBJECTION:** HUGHES relies upon Exhibit A, which is inadmissible hearsay and not a duly sworn declaration under penalty of perjury. Assumes facts not in evidence.

Paragraph 64: "By Right Connection's analysis, the site has very few visitors...because ..."

**OBJECTION:** HUGHES' analysis is irrelevant to the Motion for Temporary Restraining Order, constitutes Improper Expert Opinion as to value of a website and HUGHES has not been qualified as a Damages Expert..

Paragraph 65: "Plaintiff's claim that it owns "common law" trademark...is preposterous."

**OBJECTION:** HUGHES' opinion is irrelevant and improper. (FRE 701 and 402) This statement by HUGHES is improper testimony as to the legality of claim alleging the existence of a "common law" trademark and HUGHES is not an expert on the law qualified to render this opinion.

Paragraph 67: "Certainly, neither Plaintiff, Right Connection...themselves."

**OBJECTION:** HUGHES' opinion is irrelevant and improper. (FRE 701 and 402) These statements by HUGHES are improper testimony as to the legality of claim alleging the existence of a trademark for "Desire-Resorts" and HUGHES is not an expert on the law, specifically Trademark Law, and is therefore not qualified to render this opinion.

1  <u>Paragraph 68:</u> "The only logical explanation for such....Right Connection."

2  **OBJECTION:** HUGHES' opinion is irrelevant to this Motion for Temporary Restraining

3  Order and is an improper opinion as HUGHES cannot speak as to Plaintiff's intent.  (FRE 701

4  and 402)

5

6  <u>Paragraph 69:</u> "Plaintiff also has violated Right connection's copyright rights..... Plaintiff has

7  used such...though the contract between Right Connection and Plaintiff (Exhibit B) specifically

8  states that Right Connections owns all intellectual property rights in the materials it created for

9  the ClubLifestyles websites."

10 **OBJECTION:** HUGHES' opinion should be stricken as it is irrelevant and improper.  (FRE

11 701 and 402)  The contract attached as Exhibit B to Defendants' opposition papers is the best

12 evidence by which to determine the scope of ownership and control of the contents of the

13 Clublifestyles.com website. (FRE 1001, *et seq.*)

14       Contrary to HUGHES' statement, the Contract entered into by Plaintiff and Defendant

15 clearly states that "Right Connection maintains all intellectual property rights for all database

16 ENGINES (not the data) and software that operates the websites."

17

18 <u>Paragraph 77:</u> "When the bankruptcy trustee interviewed Robert McGinley under oath in

19 reference....Poor bookkeeping practices."

20 **OBJECTION:** Hearsay; The issue of the reasons for LSO filing for Bankruptcy are irrelevant

21 to the claims made against Defendants in support of the Motion for Temporary Restraining

22 Order. (FRE 802 and 402)

23

24 <u>Paragraph 79</u>: "Mr. McGinley stated loudly that...with a vengeance."

25 **OBJECTION:**  Hearsay; Irrelevant to this Motion for Temporary Restraining Order.  This

26 statement serves only to cause prejudice against Plaintiff and has no probative value.

27

28

EVIDENTIARY OBJECTIONS                                                    Case No.: 3:08-CV-0329 H -LSP

<u>Paragraph 80</u>: "which of course raises the separate question as to why Plaintiff is complaining about Right connection's use..."when Desire Resort presumably will not do business with Plaintiff...."

**OBJECTION**: Assumes Facts Not in Evidence; Irrelevant; Improper Opinion with serves only to prejudice Plaintiff and has no probative value.

<u>Paragraph 81</u>: "The foregoing sums represents...but obviously did not do so."

**OBJECTION:** Irrelevant; Assumes Facts Not In Evidence; Lacks Foundation

<u>Paragraph 82</u>: "Failing to keep customer payments in a trust account for payment...of course would doom Plaintiff's to emerge from and continue in business following bankruptcy."

**OBJECTION:** Irrelevant; Improper Opinion with Lacks Foundation and constitutes expert opinion as to what HUGHES alleges is a violation of the law by Plaintiff. HUGHES is not a qualified expert who can render legal opinions. This statement serves no probative value and is only intended to be prejudicial against Plaintiff.

Dated: March 14, 2008                **Murray & Sabban, LLP**

By:   /S/ *Anahita Nahavandian*
Anahita Nahavandian, Esq.
Paul S. Murray, Esq.
Attorney for Plaintiff LSO, LTD.

EVIDENTIARY OBJECTIONS                                                                    Case No.: 3:08-CV-0329 H -LSP