**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LSO, LTD., a California corporation,<br><br>                                    Plaintiff,<br><br>         vs.<br><br>DONALD D. HUGHES; RIGHT CONNECTION, INC., a Nevada corporation; and DOES 1 through 20 inclusive,<br><br>                                    Defendants. | CASE NO. 08-CV-0329 H (LSP)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND DENYING AS MOOT PLAINTIFF'S APPLICATION FOR WRIT OF POSSESSION** |

On February 21, 2008, plaintiff LSO, Ltd. ("Plaintiff") filed a complaint against defendants Donald D. Hughes and Right Connection, Inc. ("RCI," collectively "Defendants"). (Doc. No. 1.) Plaintiff filed concurrently an ex parte motion for a temporary restraining order ("TRO") and preliminary injunction, as well as an ex parte application for a writ of possession pursuant to Cal. Code Civ. Proc. § 512.010 et seq. (See Doc. Nos. 5-7.)

The Court declined to grant ex parte injunctive relief and set a hearing on Plaintiff's motion for a TRO and application for a writ of possession for March 17, 2008. (Doc. No. 2.) The Court's scheduling order indicated that if Defendants wished to specially appear for the limited purpose of opposing Plaintiff's motion for a TRO and application for a writ of possession, Defendants should so indicate on their responses in opposition. See Wright, Miller

1  & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3537 ("federal court may issue
2  various orders to preserve the status quo, such as temporary restraining orders or preliminary
3  injunctions, before making the jurisdictional determination"). On March 12, 2008, Defendants,
4  appearing specially and expressly reserving any objections based on improper service, lack of
5  personal jurisdiction and/or improper venue, filed a response in opposition to Plaintiff's motion
6  for a TRO and application for writ of possession.[1] (Doc. No. 15.) Plaintiff filed a reply on
7  March 13, 2008. (Doc. No. 23; see Doc. Nos. 18-22.)

8  After consideration of the parties' submissions, the Court exercises its discretion
9  pursuant to Civil Local Rule 7.1(d)(1) to decide this matter without oral argument.
10 Accordingly, the Court vacates the hearing set for March 17, 2008. For the following reasons,
11 the Court (1) denies Plaintiff's motion for a TRO; (2) denies without prejudice Plaintiff's
12 motion for a preliminary injunction; and (3) denies as moot Plaintiff's application for a writ
13 of possession.

14 **Background**

15 Plaintiff is a California corporation presently in Chapter 11 bankruptcy proceedings
16 in the Central District of California. (In re LSO, Ltd., Inc., Case No. 8:07-13744-TA; see
17 Decl. of Donald Hughes ISO Defs.' Oppo. to Plf's. Mot. TRO and Writ of Possession
18 ("Hughes Decl."), Ex. K.) Defendant RCI, a Nevada corporation allegedly doing business
19 in Nevada and California, see Compl. ¶ 2, is a creditor in Plaintiff's bankruptcy
20 proceedings. (Hughes Decl. ¶ 76.) Defendant Hughes, who the complaint alleges resides
21 in San Diego, California, is the principal of RCI.[2] (Id. ¶ 3.) Defendants assert that Plaintiff
22 filed this lawsuit and motions for injunctive relief for vindictive and improper purposes
23 related to defendant RCI's exercise of its right as a creditor of Plaintiff's. (See Hughes

---

[1] The Court declines to strike Defendants' response in opposition and therefore denies the motion to strike filed by Plaintiff on March 13, 2008. (See Doc. Nos. 16, 17.) The Court also denies Plaintiff's motion to strike Exhibits A, C, E, H, I, K and L to Mr. Hughes's declaration. (Doc. No. 19.) Plaintiff filed evidentiary objections to the declaration of Donald Hughes. (Doc. No. 18.) The Court has reviewed those objections and has considered only such evidence as is proper in ruling on Plaintiff's motions for injunctive relief.

[2] Defendant Hughes has filed a declaration stating that he is a resident of Arizona, and, as noted in the text, both defendants as permitted by the Court's February 21, 2008 order have expressly reserved their objections to the Court's personal jurisdiction over them.

1  Decl. ¶¶ 76-79.)

2  Plaintiff's business consists of the marketing and sales of conventions, travel, publications, and social interactions for and between couples with interests in so-called alternative lifestyles concerning human relationships. (Compl. ¶ 10.) RCI specializes in web hosting, collocation services, credit card processing, custom applications programming, affiliate sales and adult travel destinations. (Hughes Decl. ¶ 3.) RCI founded several alternative lifestyle websites and affiliate sales programs that offered the sale of products and services to this niche demographic. (Hughes Decl. ¶ 4.) Plaintiff's complaint alleges that in December of 2002 Plaintiff and RCI entered into an agreement regarding the development and hosting of Plaintiff's website Clublifestyles.com. (Compl. ¶ 18.) This case arises out of a dispute between the parties regarding their respective rights and obligations under the contract, although defendant Hughes's declaration indicates that certain aspects of the parties' dispute preceded even the written contract of 2002. (See Hughes Decl. ¶¶ 10-14.)

Plaintiff's complaint asserts claims for infringement of registered and non-registered trademarks, 15 U.S.C. §§ 1114 and 1125(a); trademark dilution, 15 U.S.C. § 1125(c); cyber piracy, 15 U.S.C. § 1125(d); interception and disclosure of electronic communications, 18 U.S.C. §§ 2511(d) and 2520; misappropriation of trade secrets, Cal. Civ. Code § 3426.1 et seq.; unfair competition, Cal. Bus. & Prof. Code § 17200 et seq.; false advertising, Cal. Bus. & Prof. Code § 17500; breach of contract; conversion; and interference with prospective economic advantage.

## Discussion

### I. Plaintiff's Motion for a TRO and Preliminary Injunction

#### A. Legal Standard

When notice has been provided to the adverse party, the standard for issuing a TRO is the same as that for a preliminary injunction. See Fed. R. Civ. P. 65(b) (procedures and limitations for granting TRO without notice to adverse party). "A plaintiff is entitled to a preliminary injunction in a trademark case when he demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the

1  existence of serious questions going to the merits and that the balance of hardships tips
2  sharply in his favor."  Brookfield Communications, Inc. v. West Coast Entertainment
3  Corp., 174 F.3d 1036, 1046 (9th Cir. 1999); see Roe v. Anderson, 134 F.3d 1400, 1402 (9th
4  Cir. 1998) (applying same standard to non-trademark case).  These alternative formulations
5  "represent two points on a sliding scale in which the required degree of irreparable harm
6  increases as the probability of success decreases."  Id.; see Clear Channel Outdoor Inc. v.
7  City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).  Here, the Court concludes that
8  Plaintiff's motion fails to demonstrate a combination of probable success on the merits and
9  the possibility of irreparable injury.  The Court also concludes that Plaintiff has not
10 demonstrated that the balance of hardships tips sharply in Plaintiff's favor.  Accordingly,
11 Plaintiff has not satisfied either of the Ninth Circuit's standards for interim injunctive relief.
12 **B.     Likelihood of Success on the Merits**
13  "When the evidence shows that the defendants are engaged in, or about to be
14 engaged in, the act or practices prohibited by a statute which provides for injunctive relief
15 to prevent such violations, irreparable harm to the plaintiff[] need not be shown."
16 Burlington Northern R. Co. v. Dept. of Revenue, 934 F.2d 1064, 1074 (9th Cir. 1991).
17 Here, however, Plaintiff's motion fails to establish probable success on the merits.  The
18 parties hotly contest whether Defendants have violated, or are about to violate, the statutes
19 at issue.  (See Hughes Decl. ¶¶ 27-33, 37-38, 48-61; id., Ex. C; see also Decl. of Robert
20 McGinley ISO Plf's. Reply to Defs.' Oppo. to Plf's. Combined Mot. for Injunctive Relief.)
21 Indeed, Plaintiff's initial motion stated that Plaintiff anticipated Defendants would argue
22 that they are legally entitled to do the acts giving rise to Plaintiff's complaint.  (See Plf's.
23 Mem. Pts. Auths. for Combined Mot. TRO and Prelim. Injunction, at 19.)  Moreover,
24 Defendants argue that Plaintiff has infringed RCI's intellectual property rights and engaged
25 in unfair competition.  (See Defs.' Oppo. at 6; Hughes Decl. ¶¶ 68-69.)  This is not a
26 situation where the plaintiff already has established likelihood of success on the merits.
27 ///
28 ///

### C. Irreparable Injury

The Court concludes that Plaintiff's motion fails to establish a likelihood of irreparable injury. Plaintiff argues that it is currently attempting to reorganize in Chapter 11 bankruptcy proceedings and that, without injunctive relief, Plaintiff will lose business and may have to revert to Chapter 7 proceedings. However, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Carribean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Furthermore, Plaintiff's motion fails to establish a likelihood of "immediate" irreparable injury. Id. ( "plaintiff must do more than merely allege imminent harm[;] a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief" (emphasis in original)). The Court notes that this dispute has been ongoing. For example, Plaintiff alleges that RCI breached the parties' contract by shutting down Plaintiff's website on or about March 31, 2007, nearly one year before Plaintiff filed this case and the present requests for injunctive relief. (See Compl. ¶ 23.) Plaintiff acknowledges that Defendants "might assert that Plaintiff has improperly delayed in bringing this action." (Plf's Mem. Pts. Auths. for Combined Mot. TRO and Prelim. Injunction, at 20.)

Under these circumstances, the Court concludes that Plaintiff has failed to establish a likelihood of imminent and/or irreparable harm warranting interim injunctive relief. The Court also concludes that Plaintiff fails to establish that the balance of hardships tips in its favor. See Roe v. Anderson, 134 F.3d at 1402. Accordingly, the Court denies Plaintiff's motion for a preliminary injunction, without prejudice to Plaintiff's ability to renew its request for a preliminary injunction if warranted by the facts. Cf. Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1125 (9th Cir. 2005) (grant of preliminary injunction neither makes permanent injunction inevitable nor prohibits party from seeking modification of preliminary injunction).

///

///

## II. Plaintiff's Application for a Writ of Possession

Defendants assert that on February 28, 2008, after trying for several months to return to Plaintiff the computer servers at issue, RCI (at its own expense) shipped the servers to Plaintiff's counsel via Federal Express. (See Hughes Decl. ¶¶ 70-73, Ex. J.) Plaintiff concedes that the computer servers have been returned. (Plf's. Mem. Pts. Auths. in Reply to Defs.' Oppo. (Doc. No. 23) at 2.) Since the property is no longer in Defendants' possession, the Court denies as moot Plaintiff's application for a writ of possession.

### Conclusion

For the reasons stated above, the Court denies Plaintiff's motion for a temporary restraining order, denies without prejudice Plaintiff's motion for a preliminary injunction, and denies as moot Plaintiff's request for a writ of possession. The Court reminds both parties that they shall preserve all relevant evidence during the pendency of this action.

IT IS SO ORDERED.

DATED: March 14, 2008

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT