Gregory P. Goonan (Cal. Bar #119821)
**The Affinity Law Group APC**
600 West Broadway, Suite 400
San Diego, CA  92101
Tel:  619-702-4335
Fax:  619-243-0088
E-Mail:  ggoonan@affinity-law.com

Attorneys for Defendants
Donald D. Hughes and
Right Connection, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSO, Ltd., a California corporation, | Case No.  08CV0329 H (LSP) |
| Plaintiff, | **ANSWER BY DEFENDANTS DONALD D. HUGHES AND RIGHT CONNECTION, INC. TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| Donald D. Hughes; Right Connection, Inc., a Nevada Corporation; and DOES 1 through 20 inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants Donald D. Hughes ("Hughes") and Right Connection, Inc. ("RCI") (collectively "Defendants"), severing themselves from all other defendants and responding for themselves alone, hereby respond as follows to Plaintiff's complaint in this matter:

### JURISDICTION AND VENUE

1. Defendants are informed and believe that the allegations of paragraph 1 of the complaint are true.

2. Defendants deny that RCI did business in the State of California.  Defendants admit the remaining allegations of paragraph 2 of the complaint.

3. Defendants deny that Hughes is a resident of San Diego County or the State of California.  Defendants deny that Hughes performs any duties on behalf of RCI in the State of

California.  Defendants admit the remaining allegations of paragraph 3 of the complaint.

4.  Defendants deny the allegations of paragraph 4 of the complaint.

5.  Defendants deny the allegations of paragraph 5 of the complaint.

6.  The allegations of paragraph 6 assume that RCI was required to be authorized by California Department of Corporations to do business in the State of California.  Defendants deny such assumption and therefore deny the allegations of paragraph 6.

7.  The allegations of paragraph 7 are not directed to the answering Defendants so they will not respond to such allegations.

8.  Defendants deny the allegations of paragraph 8 of the complaint.

## GENERAL ALLEGATIONS

9.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 8, inclusive, as though set forth in full.

10.  Defendants admit that Plaintiff is involved in the activities set forth in paragraph 10 of the complaint.  Except as expressly admitted, Defendants deny the allegations of paragraph 10 of the complaint.

11.  Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 11 of the complaint and therefore deny all such allegations.

12.  Defendants lack sufficient information or belief to admit or deny the allegations of paragraph 12 of the complaint and therefore deny all such allegations.

13.  Defendants admit that Plaintiff owns the trademark registrations identified in paragraph 13 of the complaint.  Defendants lack sufficient information or belief to admit or deny the remaining allegations of paragraph 13 of the complaint and therefore deny such allegations.

14.  Defendants deny the allegations of paragraph 14 of the complaint.

15.  Defendants deny the allegations of paragraph 15 of the complaint.

16.  Defendants deny the allegations of paragraph 16 of the complaint.

17.  Defendants deny the allegations of paragraph 17 of the complaint.

18.  Defendants admit that Plaintiff sought outside assistance with the development and hosting of the clublifestyles.com website.  Defendants admit that the clublifestyles.com website

was at one time a website as described in paragraph 18.  Except as expressly admitted, Defendants deny the allegations of paragraph 18 of the complaint.

19.  Defendants admit that Plaintiff and RCI entered into the agreement attached as Exhibit 1 to the complaint.  Defendants further respond to the allegations of paragraph 19 of the complaint by stating that the written agreement between Plaintiff and RCI speaks for itself.

20.  Defendants admit that Plaintiff provided two computers for use with the clublifestyles.com website and that RCI provided hosted and provided certain other development services in connection with the clublifestyles.com website.  Except as expressly admitted, Defendants deny the allegations of paragraph 20 of the complaint.

21.  Defendants admit that Plaintiff promoted the clublifestyles.com website on other websites.  Except as expressly admitted, Defendants deny the allegations of paragraph 21 of the complaint.

22.  Defendants deny the allegations of paragraph 22 of the complaint.

23.  Defendants deny the allegations of paragraph 23 of the complaint.

24.  Defendants deny the allegations of paragraph 24 of the complaint.

25.  Defendants deny the allegations of paragraph 25 of the complaint.

26.  Defendants deny the allegations of paragraph 26 of the complaint.

27.  Defendants deny the allegations of paragraph 27 of the complaint.

28.  Defendants deny the allegations of paragraph 28 of the complaint.

29.  Defendants deny the allegations of paragraph 29 of the complaint.

30.  Defendants deny the allegations of paragraph 30 of the complaint.

31.  Defendants admit that Plaintiff commissioned RCI to create the Trip Cash program.  Except as expressly admitted, Defendants deny the allegations of paragraph 31 of the complaint.

32.  Defendants deny the allegations of paragraph 32 of the complaint.

33.  Defendants admit that Plaintiff currently is involved in a Chapter 11 bankruptcy proceeding.  Except as expressly admitted, Defendants deny the allegations of paragraph 33 of the complaint.

34.  Defendants admit that Plaintiff sent the letter attached as Exhibit 8 to the complaint to

RCI on or about April 20, 2007.  Except as expressly admitted, Defendants deny the allegations of paragraph 34 of the complaint.

## FIRST CAUSE OF ACTION

35.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 35, inclusive, as though set forth in full.

36.  Defendants deny the allegations of paragraph 36 of the complaint.

37.  Defendants admit that Plaintiff owns the trademark registrations identified in paragraph 37 of the complaint.  Defendants lack sufficient information or belief to admit or deny the remaining allegations of paragraph 37 of the complaint and therefore deny such allegations.

38.  Defendants deny the allegations of paragraph 38 of the complaint.

39.  Defendants deny the allegations of paragraph 39 of the complaint.

40.  Defendants deny the allegations of paragraph 40 of the complaint.

## SECOND CAUSE OF ACTION

41.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 40, inclusive, as though set forth in full.

42.  Defendants deny the allegations of paragraph 42 of the complaint.

43.  Defendants deny the allegations of paragraph 43 of the complaint.

44.  Defendants deny the allegations of paragraph 44 of the complaint.

45.  Defendants deny the allegations of paragraph 45 of the complaint.

46.  Defendants deny the allegations of paragraph 46 of the complaint.

## THIRD CAUSE OF ACTION

47.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 46, inclusive, as though set forth in full.

48.  Defendants deny the allegations of paragraph 48 of the complaint.

49.  Defendants admit that Plaintiff has used the Lifestyles trademark in advertisements, convention materials and on the Internet.  Except as expressly admitted, Defendants deny the allegations of paragraph 49 of the complaint.

50.  Defendants deny the allegations of paragraph 50 of the complaint.

51. Defendants admit that Plaintiff owns certain federal trademark registrations. Except as expressly admitted, Defendants deny the allegations of paragraph 51 of the complaint.

52. Defendants deny the allegations of paragraph 52 of the complaint.

53. Defendants deny the allegations of paragraph 53 of the complaint.

54. Defendants deny the allegations of paragraph 54 of the complaint.

55. Defendants deny the allegations of paragraph 55 of the complaint.

56. Defendants respond to the allegations of paragraph 56 of the complaint by stating that the agreement between Plaintiff and RCI speaks from itself. Defendants admit that the clublifestyle.com domain name currently is registered in the name of RCI. Except as expressly admitted, Defendants deny the allegations of paragraph 56 of the complaint.

57. Defendants deny the allegations of paragraph 57 of the complaint.

58. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 58 of the complaint.

**FOURTH CAUSE OF ACTION**

59. Defendants restate and incorporate by this reference their responses to paragraphs 1 through 58, inclusive, as though set forth in full.

60. Defendants deny the allegations of paragraph 60 of the complaint.

61. Defendants deny the allegations of paragraph 61 of the complaint.

62. Defendants deny the allegations of paragraph 62 of the complaint.

63. Defendants deny the allegations of paragraph 63 of the complaint.

64. Defendants deny the allegations of paragraph 64 of the complaint.

65. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 65 of the complaint.

66. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 66 of the complaint.

67. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 67 of the complaint.

**FIFTH CAUSE OF ACTION**

68. Defendants restate and incorporate by this reference their responses to paragraphs 1 through 67, inclusive, as though set forth in full.

69. Defendants deny the allegations of paragraph 69 of the complaint.

70. Defendants deny the allegations of paragraph 70 of the complaint.

71. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 71 of the complaint.

72. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 72 of the complaint.

73. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 73 of the complaint.

**SIXTH CAUSE OF ACTION**

74. Defendants restate and incorporate by this reference their responses to paragraphs 1 through 73, inclusive, as though set forth in full.

75. Defendants deny the allegations of paragraph 75 of the complaint.

76. Defendants deny the allegations of paragraph 76 of the complaint.

77. Defendants deny the allegations of paragraph 77 of the complaint.

78. Defendants deny the allegations of paragraph 78 of the complaint.

79. Defendants deny the allegations of paragraph 79 of the complaint.

80. Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 80 of the complaint.

**SEVENTH CAUSE OF ACTION**

81. Defendants restate and incorporate by this reference their responses to paragraphs 1 through 80, inclusive, as though set forth in full.

82. Defendants deny the allegations of paragraph 82 of the complaint.

83. Defendants deny the allegations of paragraph 83 of the complaint.

84. Defendants deny the allegations of paragraph 84 of the complaint.

85.  Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 85 of the complaint.

### EIGHTH CAUSE OF ACTION

86.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 86, inclusive, as though set forth in full.

87.  Defendants deny the allegations of paragraph 87 of the complaint.

88.  Defendants deny the allegations of paragraph 88 of the complaint.

89.  Defendants deny the allegations of paragraph 89 of the complaint.

90.  Defendants deny the allegations of paragraph 90 of the complaint.

### NINTH CAUSE OF ACTION

91.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 91, inclusive, as though set forth in full.

92.  Defendants admit that Plaintiff and RCI entered into the agreement attached as Exhibit 1 to the complaint, which speaks for itself, and that Plaintiff commissioned RCI to create the Trip Cash program.  Except as expressly admitted, Defendants deny the allegations of paragraph 92 of the complaint.

93.  Defendants deny the allegations of paragraph 93 of the complaint.

94.  Defendants deny the allegations of paragraph 94 of the complaint.

95.  Defendants admit that Plaintiff owns the clublifestyle.com website.  Except as expressly admitted, Defendants deny the allegations of paragraph 95 of the complaint.

96.  Defendants deny the allegations of paragraph 96 of the complaint.

97.  Defendants admit that Plaintiff owns its customer database.  Except as expressly admitted, Defendants deny the allegations of paragraph 97 of the complaint.

98.  Defendants deny the allegations of paragraph 98 of the complaint.

99.  Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 99 of the complaint.

**TENTH CAUSE OF ACTION**

100.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 99, inclusive, as though set forth in full.

101.  Defendants admit that Plaintiff paid for two computers to be used for the operation and hosting of Plaintiff's websites.  Except as expressly admitted, Defendants deny the allegations of paragraph 101 of the complaint.

102.  Defendants deny the allegations of paragraph 102 of the complaint.

103.  Defendants deny the allegations of paragraph 103 of the complaint.

104.  Defendants deny the allegations of paragraph 104 of the complaint.

105.  Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 105 of the complaint.

**ELEVENTH CAUSE OF ACTION**

106.  Defendants restate and incorporate by this reference their responses to paragraphs 1 through 1058, inclusive, as though set forth in full.

107.  Defendants deny the allegations of paragraph 107 of the complaint.

108.  Defendants deny the allegations of paragraph 108 of the complaint.

109.  Defendants deny the allegations of paragraph 109 of the complaint.

110.  Defendants deny the allegations of paragraph 110 of the complaint.

111.  Defendants deny the allegations of paragraph 111 of the complaint.

112.  Defendants deny the allegations of paragraph 112 of the complaint.

113.  Defendants deny the allegations of paragraph 113 of the complaint.

114.  Defendants deny the allegations of paragraph 114 of the complaint.

115.  Defendants deny that Plaintiff is entitled to the relief set forth in paragraph 115 of the complaint.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the Complaint, Defendants allege as follows:

First Affirmative Defense

(Failure to State a Claim)

1.       The complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to state a cause of action against Defendants, or either of them.

Second Affirmative Defense

(Laches)

2.       The complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of laches.

Third Affirmative Defense

(No Personal Jurisdiction Over RCI)

3.       The complaint, and each and every purported cause of action alleged therein, is barred because the Court lacks personal jurisdiction over RCI.

Fourth Affirmative Defense

(No Personal Jurisdiction Over Hughes)

4.       The complaint, and each and every purported cause of action alleged therein, is barred because the Court lacks personal jurisdiction over Hughes.

Fifth Affirmative Defense

(Improper Venue)

5.       The complaint, and each and every purported cause of action alleged therein, is barred because venue is not proper in this judicial district.

Sixth Affirmative Defense

(No Contract By Hughes Personally)

6.       The purported cause of action for breach of contract against Hughes personally is barred because Hughes did not personally enter into any contract with Plaintiff.

Seventh Affirmative Defense

(Waiver/Estoppel/Consent)

7.       The complaint, and each and every purported cause of action alleged therein, is barred by the doctrines of waiver, estoppel and consent.

<u>Eighth Affirmative Defense</u>

(Unclean Hands)

8.      The complaint, and each and every purported cause of action alleged therein, is barred because Plaintiffs have unclean hands.

<u>Ninth Affirmative Defense</u>

(Tarnishment and Abandonment)

9.      The complaint, and each and every purported cause of action alleged therein, is barred by the doctrines of tarnishment and abandonment.

<u>Tenth Affirmative Defense</u>

(No Trademark Rights)

10.     The complaint, and each and every purported cause of action alleged therein, is barred because Plaintiff does not owns any rights to the alleged common law trademarks alleged in the complaint.

<u>Eleventh Affirmative Defense</u>

(Justification and Privilege)

11.     The complaint, and each and every purported cause of action alleged therein, is barred because Defendants' disputed conduct, as alleged in the complaint, was justified and/or privileged.

<u>Twelfth Affirmative Defense</u>

(Adequate Remedy at Law)

12.     Plaintiff's purported claims for injunctive and equitable relief are barred because Plaintiff has an adequate remedy at law.

<u>Thirteenth Affirmative Defense</u>

(No Bad Faith)

13.     The complaint, and each and every purported cause of action alleged therein, is barred because Defendants have not acted in bad faith.

---

1    <center>Fourteenth Affirmative Defense</center>

2    <center>(Mitigation of Damages)</center>

3         14.    The complaint, and each and every purported cause of action alleged therein, is

4    barred because Plaintiff has failed to mitigate its alleged damages.

5    <center>Fifteenth Affirmative Defense</center>

6    <center>(No Unfair Competition)</center>

7         15.    The complaint, and each and every purported cause of action alleged therein, is

8    barred because Defendants did not engage in any acts of unfair competition.

9    <center>Sixteenth Affirmative Defense</center>

10   <center>(No Irreparable Harm)</center>

11        16.    The complaint, and each and every purported cause of action alleged therein, is

12   barred because Plaintiff has not suffered and will not suffer any irreparable harm as a result of the

13   actions of Defendants as alleged in the complaint.

14   <center>Seventeenth Affirmative Defense</center>

15   <center>(Balance of Hardships)</center>

16        17.    The complaint, and each and every purported cause of action alleged therein, is

17   barred because the balance of hardships is in favor of Defendants.

18   <center>Eighteenth Affirmative Defense</center>

19   <center>(Public Interest)</center>

20        18.    The complaint, and each and every purported cause of action alleged therein, is

21   barred because the public interest is in favor of Defendants.

22   <center>Nineteenth Affirmative Defense</center>

23   <center>(No Malice)</center>

24        19.    The complaint, and each and every purported cause of action alleged therein, is

25   barred because Defendants have at all times acted in good faith and without malice towards

26   Plaintiff and have acted in accordance with applicable law.

27

28

<div style="text-align:center">

**Twentieth Affirmative Defense**

(Inequitable Conduct)

</div>

20.     The complaint, and each and every purported cause of action alleged therein, is barred because of inequitable conduct by Plaintiff.

<div style="text-align:center">

**Twenty-First Affirmative Defense**

(Breach of Contract)

</div>

21.     The complaint, and each and every purported cause of action alleged therein, is barred because of Plaintiff breached the contract at issue.

<div style="text-align:center">

**Twenty-Second Affirmative Defense**

(Statutes of Limitations)

</div>

22.     The complaint, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitations.

<div style="text-align:center">

**Twenty-Third Affirmative Defense**

(Uncertainty)

</div>

23.     The complaint, and each and every purported cause of action alleged therein, is fatally uncertain.

<div style="text-align:center">

**Twenty-Fourth Affirmative Defense**

(No Claim For Damages)

</div>

24.     The complaint, and each and every purported cause of action alleged therein, is barred because Plaintiff has failed to allege facts sufficient to state a cause of action for damages against Defendants.

<div style="text-align:center">

**Twenty-Fifth Affirmative Defense**

(No Claim For Punitive or Exemplary Damages)

</div>

25.     The complaint, and each and every purported cause of action alleged therein, is barred because Plaintiff has failed to allege facts sufficient to state a cause of action upon which punitive or exemplary damages could be awarded against Defendants, or either of them.

<u>Twenty-Sixth Affirmative Defense</u>

(Unconstitutional Claims)

26.    Plaintiff's purported claim for punitive or exemplary damages seek relief barred by the United States Constitution and/or the California Constitution to the extent the imposition of punitive or exemplary damages may: (1) impair the obligation of contract in violation of Article 1, Section 10 of the United States Constitution and Article 1, Section 9 of the California Constitution; (2) constitute a deprivation of property without due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 7 and 15, and Article 4, Section 16 of the California Constitution; (3) constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and Article 1, Section 17 of the California Constitution; and/or (4) involve the application of vague and ambiguous standards.

<u>Twenty-Seventh Affirmative Defense</u>

(Other Defenses)

27.    The complaint does not describe the events and claims therein alleged with sufficient particularity to enable Defendants to determine if additional defenses may exist to Plaintiff's purported causes of action.  Defendants, therefore, reserve the right to assert all defenses that may pertain to the complaint once the precise nature of Plaintiff's allegations has been ascertained.

<u>Twenty-Eighth Affirmative Defense</u>

(Further Investigation and Discovery)

28.    Defendants reserve the right to raise such other and additional affirmative defenses as may be appropriate upon further investigation and discovery in this matter.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.    That Plaintiff takes nothing by way of its Complaint;

2.    That judgment be awarded in favor of Defendants and against Plaintiff on the complaint, and each purported claim alleged therein;

1            3.     For costs of suit incurred herein;

2            4.     For an award of attorneys fees and litigation expenses to the maximum

3    extent permitted by law; and

4            5.     For such other and further relief as the Court may deem just and proper.

5

6

7    DATED: March 20, 2008            THE AFFINITY LAW GROUP APC

8

9                By:    */s/ Gregory P. Goonan*

10                   Gregory P. Goonan
                Attorneys for Defendants

11                   Donald D. Hughes and Right Connection, Inc.
                E-mail: ggoonan@affinity-law.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                **<u>DEMAND FOR JURY TRIAL</u>**

3              Defendants hereby demand a trial by jury on the Complaint.

4

5    DATED: March 20, 2008                    THE AFFINITY LAW GROUP APC

6

7                                     By:    ___*/s/ Gregory P. Goonan*_____
                                             Gregory P. Goonan
8                                            Attorneys for Defendants
                                             Donald D. Hughes and Right Connection, Inc.
9                                            E-mail: ggoonan@affinity-law.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>Certificate of Service</u>

The undersigned hereby certifies that on this 20th day of March 2008, a true and accurate copy of the attached document was electronically filed with the Court, to be served by operation of the Court's electronic filing system, upon the following:

Paul S. Murray
Ariel J. Sabban
Murray & Sabban LLP
140 Marine View Avenue, Suite 116
Solana Beach, CA  92075
Attorneys for Plaintiff

*/s/ Gregory P. Goonan*
Gregory P. Goonan